UNITED STATES BANKRUPTCY COURT
EASTERN DISTIRCT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 13 |
| Louis Garozzo | ) | |
| Patricia Garozzo | ) | Case No. 21-10598-AMC |
| | ) | |
| Debtors. | ) | |
| | ) | |

**DEBTORS' OBJECTION TO PROOF FO CLAIM FILED BY ALLY BANK PURSUANT TO BANKRUPTCY RULE 3007 AND 11 U.S.C. §§ 506 AND 1325**

Louis Garozzo and Patricia Garozzo (the "Debtors"), by their undersigned counsel, hereby submits this Objection to Proof of Claim Filed by Ally Bank ("Ally"), and in support thereof states as follows:

## BACKGROUND

1. The Debtors filed a voluntary petition for relief under chapter 13 of title 11 of the United States Code (as amended, the "Bankruptcy Code") on March 11, 2021 (the "Petition Date") in the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Court").

2. The Debtors own a 2018 Nissan Rogue, Vehicle Identification Number KNMAT2MV6JP543892 (the "Vehicle"). The vehicle has approximately 110,000 miles on it.

3. The Debtors financed the Vehicle with Ally by executing a financing agreement on or about February 10, 20218.

4. On or about April 05, 2021, Ally filed Proof of Claim 6-1 asserting money owed pursuant to a financing statement in the amount of $25,094.82.

1

5. On or about April 07, 2021, Ally filed Proof of Claim 6-2 which asserted an amended secured claimed amount of $23,580.59. *See* Exhibit "A," a true and correct copy of Proof of Claim 6-2 attached hereto for the Court's convenience.

**RELIEF REQUESTED**

6. In exchange for giving a debtor a right to continue possession of secured property, section 1325(a)(5)(B) of the Bankruptcy Code requires: (i) the secured creditor shall retain a continuing lien on the property; and (ii) the secured creditor shall receive from the debtor "the value, as of the effective date of the plan, of such property to be distributed under the plan on account of such claim [which shall be] not less than the allowed amount of such claim." 11 U.S.C. § 1325(a)(5)(B)(ii).

7. Section 506(a) of the bankruptcy code provides:

> [A] debtor [may] bifurcate a creditor's claim, treating the claim, up to the value of the collateral, as a secured claim while treating as unsecured the amount of the claim that exceeds the value of the collateral. Section 506(a) states in relevant part that "[a]n allowed claim of a creditor secured by a lien on property in which the estate has an interest…is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property…and is an unsecured claim to the extent that the value of such creditor's interest…is less than the amount of such claim."

Flood v. Chysler Fin. Corp. 2000 U.S. Dist. Lexis 4292 (E.D. Pa. 2000).

8. The Supreme Court established in *Till v. SCS Credit Corp.*, 541 U.S. 465 (2004) that "a court choosing a cram down interest rate need not consider the creditor's individual circumstances, such as its prebankruptcy dealing with the debtor or the alternative loans it could make if permitted to foreclose." *Id* at 474.

9. The Court in *Till* further determined that in establishing the interest due to a secured creditor, a cram down plan may utilize the formula approach "by looking to the national prime

2

rate, reported daily in the press, which reflects the financial market's estimate of the amount a commercial bank should charge a creditworthy commercial borrower to compensation for the opportunity costs of the loan, the risk of inflation, and the relatively slight risk of default." *Id* at 479.

10. In its current condition as of the Petition Date, the Vehicle was worth between $13,000.00 and $16,000.00—well below the asserted $23,580.59 in Proof of Claim 6-2. *See* Exhibit "B," a true and correct copy of the Kelly Blue Book value of the Vehicle attached for the Court's convenience.

11. On April 02, 2021, the Debtors filed schedule A/B listing the value of the Vehicle as $15,943.00 (the "Scheduled Current Value"). Accordingly, pursuant to section 506(a) of the Bankruptcy Code, Ally holds a secured claim in the amount of $15,943.00 and a general unsecured claim in the amount of $7,637.59.

12. According to the Wallstreet Journal, the prime rate as of the Petition Date was 3.25%. Under the formula approach, the subprime rate places an additional 1.5% on the prime rate resulting in a total subprime rate of 4.75%. Accordingly, pursuant to the Supreme Court's guidelines in *Till*, Ally is entitled to 4.75% amortized monthly throughout the duration of the Debtors' chapter 13 plan.

13. The Debtors, through their attorneys, attempted to negotiate in good faith the fair market value of the Vehicle with Ally; however, the parties failed to reach an agreement.

14. The Debtors propose to pay the present value for Vehicle in the amount of $15,943.00 in their Chapter 13 plan plus interest at 4.75%.

WHEREFORE, the Debtors respectfully request that the Court: (1) sustain the Debtors' Objection to Proof of Claim 6-2; (2) disallow the claim as legally unenforceable; (3) reduce Proof

of Claim 6-2 to $15,943.00; and (4) grant any other such relief as the Court determines just and proper.

Dated: November 04, 2021
       Philadelphia, Pennsylvania

Respectfully submitted,

**JENSEN BAGNATO, P.C.**

By: /s/ Jeffrey M. Carbino
    Jeffrey M. Carbino (PA 71614)
    1500 Walnut Street, Suite 1510
    Philadelphia, PA 19102
    Telephone: (215) 546-4700
    Facsimile: (215) 546-7440
    Email: jcarbino@jblawpc.com

*Counsel to the Debtors*