UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                              )   CASE NO. 21-10598-AMC
                                    )
LOUIS A. GAROZZO and                )
PATRICIA A. GAROZZO,                )
                                    )
         Debtors                    )   CHAPTER 13

## STIPULATION

COME NOW, this ___ day of _____, 202_, Debtors, Louis A. Garozzo and Patricia A. Garozzo, by and through their attorney, Erik B. Jensen, Esquire, and Ally Bank, ("Ally") by and through its attorney, Mester & Schwartz, P.C., hereby stipulate the following terms of settlement of the Objection to Confirmation of Second Amended Chapter 13 Plan and the Objection to Proof of Claim Filed by Ally Bank Pursuant to Bankruptcy Rule 3007 and 11 U.S.C. §§ 506 and 1325:

WHEREAS the Debtors own a 2018 NISSAN Rogue Utility 4D SV AWD I4, V.I.N. KNMAT2MV6JP543892 ("vehicle"); and

WHEREAS Ally has a lien on the vehicle; and

WHEREAS the Debtors have filed a Second Amended Chapter 13 plan providing for payment of the vehicle through the plan; and

WHEREAS Ally has filed an Objection to Confirmation; and

WHEREAS the Debtors have filed an Objection to Proof of Claim Filed by Ally Bank Pursuant to Bankruptcy Rule 3007 and 11 U.S.C. §§ 506 and 1325; and

WHEREAS the Debtors and Ally seek to resolve the Objection to Confirmation and Objection to Proof of Claim; it is hereby stipulated and agreed that:

WHEREAS the Debtors and Ally seek to resolve the Objection to Confirmation; it is hereby stipulated and agreed that:

1. The value of the vehicle to be paid through the Plan is $18,500.00.

2. The value of the vehicle shall be paid through the Plan at 5.25% interest for sixty (60) months. The payments will total $21,074.44, and Ally shall have a total secured claim in that amount.

3. The balance of any claim shall be a general unsecured claim.

4. This agreement is only binding upon the parties in this instant Chapter 13 case. If not paid in full within this instant Chapter 13 due to dismissal or conversion, this agreement is not binding upon the parties.

5. A faxed signature shall be treated as an original signature for purposes of this Stipulation.

Jason Brett Schwartz, Esquire
Attorney for Ally
Mester & Schwartz, P.C.
1917 Brown Street
Philadelphia, PA 19130
(267) 909-9036
Dated: 12/16/21

Erik B. Jensen, Esquire
Attorney for the Debtors
Jensen Bagnato, PC
1500 Walnut St., Suite 1510
Philadelphia, PA 19102
(215) 546-4700
Dated:

/s/Ann Swartz
Scott F. Waterman, Trustee
Chapter 13 Trustee
2901 St. Lawrence Ave.
Suite 100
Reading, PA 19606
(610) 779-1313
Dated:

Case 21-10598-amc   Doc 63   Filed 12/17/21   Entered 12/17/21 11:57:46   Desc Main
Document      Page 3 of 3

SO ORDERED
BY THE COURT:

_____
Ashely M. Chan
U.S. Bankruptcy Judge